M. C. CLARKE, *as Receiver, etc.,* v. SAMUEL CAUF-
MAN *et al.*

No. 12,756. (71 Pac. 241.)

SYLLABUS BY THE COURT.

BUILDING AND LOAN ASSOCIATION—*Limitation of Action.* The
ordinary contract by a borrowing member of a building and loan
association which stipulates for the repayment of the loan at a
stated future time, and which pledges the borrower's partially paid
stock in the association as security therefor, payment for which
stock is to be made by monthly dues, and which alternatively
provides for repayment of the loan through the medium of the
monthly dues, is put at an end by the insolvency of the associa-
tion and the appointment of a receiver to liquidate its affairs, and
the statute of limitations then begins to run against a right of
action by the receiver to recover the debt.

Error from Jackson district court; MARSHALL GEP-
HART, judge. Opinion filed January 10, 1903. Af-
firmed.

*John H. Crain,* and *Tenney, Hall & Swanson,* for
plaintiff in error.

*Hayden & Hayden,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action brought by M.
C. Clarke, as receiver of the American Loan and
Savings Association, against Samuel Caufman and
others, to recover on a contract for the payment of
money and to foreclose a real-estate mortgage given
to secure the indebtedness. The receiver derived his
authority by appointment of a court of general juris-
diction in Wisconsin, and the association represented
by him was a building and loan association which
had become insolvent, and whose affairs were under
administration by the court. The papers sued on

were of the peculiar and anomalous kind customarily given. in transactions of borrowing and lending between building and loan associations and their members. Substituting in part a statement of the legal effect of the papers for their language, they consisted, in general outline, of a recital of Caufman's ownership of partially paid stock in the association, of the making of a loan of money to him on a pledge of his stock as part security, payable at a stated future time, and, in the alternative, of an obligation for the payment of monthly dues to be applied in discharge of the indebtedness, together with interest on the sum borrowed, etc.

The defendants demurred to the petition for insufficiency of facts stated and for lack of legal capacity in the plaintiff to sue. The demurrer was sustained, and error has been accordingly prosecuted to this court. The claim of error principally discussed relates to the obligations of comity between the courts of different states to permit suits by the receivers of one jurisdiction in the forum and against the citizens of another. However, the defendants in error make the additional point that the petition failed to state a cause of action, in that it showed on its face that the claim sued on was barred by the statute of limitations. This point is well taken, and, therefore, the matter of judicial comity need not be considered.

In the case of contracts of the character of those in question the general rule is that they are put at an end by the insolvency of the association, and the statute of limitations for their enforcement then begins to run. (Endl. Build. Assoc., 2d ed., §523; Thomp. Build. Assoc., 2d ed., §§171, 203, 297.` In *Curtis v.*

*Granite State Provident Association,* 69 Conn. 6, 10, 36
Atl. 1023, 61 Am. St. Rep. 17, it was declared :

"It is now well settled that upon the premature
dissolution of an association of this kind, or upon its
becoming insolvent and unable to carry out the pur-
poses for which it was created, and passing into the
hands of a receiver for the purpose of having its affairs
wound up—which is, in practical effect and operation,
a dissolution—the borrowing members may be com-
pelled to pay forthwith the balances due from them
on their securities, although the latter in terms only
provide for payment by instalments extending over a
definite period of time."

The plaintiff in error seems to recognize this as the
law because, in his petition in the court below, he
said :

"That upon the insolvency of said association and
the appointment of a receiver thereof as hereinbefore
stated, the contract between said association and the
said defendants, Caufman and Caufman, evidenced by
said bond and mortgage, became and was abrogated
and rescinded and the actual amount loaned as afore-
said by said association, to wit, the sum of $400, *be-
came presently due and payable* and that said bond and
mortgage are security therefor."

It may be that the above statement is so largely in
the nature of a legal conclusion that, although adverse
to the plaintiff's contention, he should not be bound
by it; but, be that as it may, we regard it as a cor-
rect conclusion under the fact as elsewhere pleaded
by him, which was that the receiver was appointed
in January, 1896.   The suit to recover was instituted
in March, 1901, more than five years after the matur-
ity of the obligations had been precipitated by the in-
solvency of the association.

The plaintiff in error says that the action was really
commenced in time, and he has filed a certified copy

of an original petition, which, were we privileged to take it into account, would show such to be the fact. The record we have before us is a case-made, and we cannot consider evidence outside of that to show a matter which must of necessity be made a part of the original case.

The judgment of the court below is affirmed.

All the Justices concurring.